IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE,

    Plaintiff

vs.    CIVIL NO. 1:CV-10-0710

YORK COUNTY CHILDREN AND YOUTH SERVICES,

    Defendant

FILED
HARRISBURG, PA

JUN 09 2010

*MEMORANDUM*

I.   *Introduction*

The pro se plaintiff, David Gee, an inmate at the state correctional institution in Camp Hill, Pennsylvania, has filed a complaint under 42 U.S.C. § 1983. He names as defendants Michael E. Bortner, a judge on the Court of Common Pleas of York County; the York County Children and Youth Services (CYS); Jennifer Smeltzer, a supervisor-caseworker with CYS; and Patricia Lawrence, Jamie West, and Cristma Lentz, also CYS case workers. Plaintiff seeks in forma pauperis status.

For the reasons set forth below, we lack jurisdiction over the main claim set forth in the complaint, a challenge to state-court rulings that terminated Plaintiff's parental rights in regard to his minor child. The other cause of action fails to state a claim upon which relief may be granted. We will therefore dismiss this action.

II.   *Discussion*

The complaint and supplemental material (doc. 7) allege that CYS took certain actions in connection with Plaintiff's parental rights that led to court orders denying visitation with his minor child while Plaintiff was in prison, and ultimately to the

termination of parental rights by Judge Bortner by order of April 13, 2009. Plaintiff invokes his Fourteenth Amendment right to the care and custody of his child, see *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 182 (3d Cir. 2005), and essentially argues that the decision to terminate his parental rights was mistaken.

On April 7, 2010, Plaintiff filed a motion to amend his complaint to add as defendants Marakay D. Rogers and Daniel Worley. Plaintiff alleges that Rogers was his attorney, but for a March 28, 2007, hearing dealing with his parental rights, Worley was assigned to represent him. Then, at a later time, Worley became the guardian ad litem for his child and cross-examined him at a hearing on February 25, 2009. Rogers failed to prevent this. (Doc. 5, Am. Compl. CM/ECF p. 2). Plaintiff asserts this violated the attorney-client privilege. He seeks damages for this alleged violation as well as damages for CYS's alleged violation of his civil rights and the emotional distress he has suffered over the past four years.

Plaintiff appealed the trial court's order to the Pennsylvania Superior Court, which affirmed on November 10, 2009. The Pennsylvania Supreme Court denied allowance of appeal on February 1, 2010. Document 7 is styled as an appeal to this court from various orders issued in the trial court dealing with Plaintiff's parental rights and from the orders of the state superior court and the supreme court. In this document, Plaintiff requests that we reverse the order of the trial court, restore his parental rights, require that further proceedings be handled by another judge or court, and that CYS develop a plan so that he can grow into a relationship with his child.

A federal court has the independent duty of determining that it has subject-matter jurisdiction over the case. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002). The United States Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*,

546 U.S. 459, 463, 126 S.Ct. 1198, 1200, 163 L.Ed.2d 1059 (2006)(per curiam). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Id.* at 460, 126 S.Ct. at 1199, 163 L.Ed.2d at 1064 (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-1522, 161 L.Ed.2d 454 (2005)).[1] The doctrine "divests federal courts of jurisdiction if the relief requested effectively would reverse a state court decision or void its ruling." *Sullivan v. Linebaugh*, 2010 WL 318292, at *2 (3d Cir. 2010) (per curiam)(nonprecedential)(internal quotation marks omitted) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006)).

In the present case, Gee was the loser in state court and he has appealed the appellate court orders to us. He has also requested reversal of the trial court order and that we appoint a different court to oversee proceedings where he would have another chance at maintaining his parental rights. The *Rooker-Feldman* doctrine prohibits our exercise of jurisdiction over this attempt to have us review state-court judgments and effectively nullify them. *Rooker-Feldman* also precludes jurisdiction over the claim for money damages against any defendant based upon their involvement in the proceedings leading to court orders dealing with visitation and the termination of parental rights. *See Bangura v. City of Philadelphia*, 338 F. App'x 261, 265 (3d Cir. 2009)(per curiam)(nonprecedential)(citing *Desi's Pizza, Inc. v. City of Wilks-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)); *McAllister v. Allegheny County Family Division*, 128 F. App'x 901, 902 (3d Cir. 2005)(per curiam)(nonprecedential)("Here, although couched as an action against the named defendants for damages, McAllister

---

[1] The doctrine is named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

3

plainly seeks to void or overturn adverse rulings entered in the child-custody litigation by the Allegheny County Court of Common Pleas.")(also citing *Desi's Pizza*).

The claim against Worley and Rogers also fails.[2] "To state a claim under § 1983, [a] plaintiff[ ] must show that the defendant, under the color of state law, deprived [him] of a federal constitutional or statutory right." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). Attorneys acting in their traditional function as lawyers do not act under color of state law. *Aruanno v. Blodgett*, 339 F. App'x 258, 260 (3d Cir. 2009)(per curiam) (nonprecedential); *Ludwig v. Berks County*, 313 F. App'x 479, 481 (3d Cir. 2008)(per curiam)(nonprecedential). Hence, Plaintiff's claim fails to satisfy an essential element of a section 1983 action.[3]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 9, 2010

---

[2] We conduct our review of this claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[3] We express no opinion on any state-law claim Plaintiff may have.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE, :
    Plaintiff :
    vs. : CIVIL NO. 1:CV-10-0710
     :
YORK COUNTY CHILDREN AND YOUTH :
SERVICES,
    Defendant :

## ORDER

AND NOW, this 9th day of June, 2010, it is ordered that:

    1. Plaintiffs' motion (doc. 5) to amend his complaint is granted.

    2. Plaintiff's motion (doc. 10) to proceed in forma pauperis is granted.

    3. This action is dismissed for lack of jurisdiction on the claim challenging the state-court rulings terminating Plaintiff's parental rights.

    4. The claim against defendants Worley and Rogers is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

    5. The Clerk of Court shall close this file.

                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge

FILED
HARRISBURG, PA

JUN 09 2010

MARY E. D'ANDREA, CLERK
per _____